UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| COREY HOWARD, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:13-CV-2518 (CEJ) |
| RJH ENTERPRISES, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to amend its answer and add a new counterclaim. Plaintiff has filed a response in opposition, and the issues are fully briefed.

I. Background

On December 18, 2013, plaintiff filed a one-count complaint against defendant, alleging breach of contract. On January 27, 2014, defendant filed an answer and counterclaims alleging conspiracy, unjust enrichment, and indemnification. A case management order entered on February 28, 2014 established March 27, 2014 as the deadline for joining additional parties or amending pleadings. The order provides that after that date, "the parties must file a motion for leave to join additional parties or to amend pleadings." On February 18, 2014, plaintiff filed a motion to dismiss the counterclaims for failure to state a claim and the defendant filed a timely response. On May 30, 2014, defendant filed the instant motion for leave to amend its answer and add a new counterclaim for constructive fraud.

II. Discussion

In support of the motion, defendant cites to Rule 15(b) of the Federal Rules of Civil Procedure, arguing that leave to amend should be freely given when justice

requires, as long as there is no undue delay or prejudice to the opposing party. Plaintiff argues that Rule 16(b)(4) applies and requires defendant to show "good cause" for allowing the proposed amendment after the March 27 deadline set forth in the case management order.

"Rule 15(a) of the Federal Rules of Civil Procedure governs motions for leave to amend pleadings and generally supports the liberal granting of such motions 'when justice so requires.'" Schneck v. Chavis, 259 F. App'x 905, 907 (8th Cir. 2008). Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." The Eighth Circuit has addressed the interplay between the two rules and has held that when a party seeks leave to amend a pleading outside the deadline set forth in a case management order, the "good cause" standard of Rule 16(b) applies, not the more liberal standard of Rule 15(a). Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008); Popoalii v. Correctional Medical Services, 512 F.3d 488, 497 (8th Cir. 2008). Moreover, in that circumstance, "the application of Rule 16(b)'s good-cause standard is not optional." Sherman, 532 F3d at 716.

Arguing against application of Rule 16(b)(4), the defendant states that it is not seeking to amend the case management order, because the order allows the parties to file motions for leave to amend pleadings after the March 27 amendment deadline. The defendant's argument begs the question. Of course, any amended pleading filed before the March 27 deadline would not require leave of court and leave would be required before any amended pleading could be filed after that deadline. But, there's no getting around the fact that a deadline for amending pleadings was established in the case management order and a different date could be set only upon motion of a

2

party. Thus, a motion to amend pleadings after the established deadline has the same effect as a motion to modify the case management order.

The Court concludes that the defendant's motion to amend must be considered under the "good cause" standard of Rule 16(b)(4). See Sherman, 532 F.3d at 716. "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Sherman, 532 F.3d at 716 (8th Cir. 2008) (citing Rahn v Hawkins, 464 F.3d 813, 822 (8th Cir. 2006)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." Id. (citing Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)).

In this case, defendant filed the instant motion for leave to amend its answer and counterclaim two months after the deadline for amending the pleadings and three months after plaintiff filed a motion to dismiss. Defendant offers no explanation for the delay, but instead relies solely on the erroneous application of the Rule 15(b) standard and an unsupported assertion of lack of prejudice to the plaintiff. Because the defendant has not shown good cause, the motion for leave to amend will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to amend answer and counterclaim [Doc. #25] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 1st day of August, 2014.